**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

```
                                            ┌─────────────────────────┐
                                            │        FILED            │
                                            │  ┌───────────────────┐  │
                                            │  │   FEB 14 2012      │  │
                                            │  └───────────────────┘  │
                                            │ CLERK, U S DISTRICT COURT│
                                            │      NORFOLK, VA        │
                                            └─────────────────────────┘
```

**DONNA M. HARRAH, on behalf of**
**herself and others similarly situated**

       Plaintiff,

v.                               CIVIL ACTION NO. 4:12-CV-27

**CITICORP CREDIT SERVICES, INC.**

       Defendant.

**CLASS ACTION COMPLAINT**

COMES NOW the Plaintiff, **DONNA M. HARRAH** (hereafter the "Plaintiff"), by counsel, and for herself and others similarly situated, she states as follows:

**PRELIMINARY STATEMENT**

1.      This is a class action complaint prosecuted for the Defendant's violations of the Federal Equal Credit Opportunity Act (ECOA), 15 U.S.C. §1691, *et seq.* The Defendant accepts and processes consumer credit applications, services existing credit accounts and participates in adverse actions against consumers. Despite this role, the Defendant does not send consumers lawful notices of adverse action as required under the ECOA.

**JURISDICTION**

2.      This complaint is filed for violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691 *et seq.* This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1691e. Venue is proper as the Plaintiff resides in the Eastern District of Virginia, Newport News Division.

## PARTIES

3.      The Plaintiff to this lawsuit, Donna M. Harrah, is a natural person and is a "consumer" as defined by 15 U.S.C. §1681a(c).  Donna M. Harrah is an "applicant" for the purposes of the ECOA.

4.      The Defendant to this lawsuit, CITICORP CREDIT SERVICES, INC., is a "creditor" for purposes of the ECOA.

## FACTS

5.      At all times prior to April 18, 2010 Plaintiff was the maker and responsible party for a card account with Defendant, Citicorp Credit Services, Inc. "(Citicorp").

6.      At all times prior to April 18, 2010, Plaintiff was never late on the Citicorp account.

7.      On or about April 18, 2010, the Plaintiff received an adverse action notice from Citicorp indicating that her revolving credit line was being reduced with a statement of reason as follows: "your credit report indicates a substantial number of debts owed to other creditors".

8.      This explanation is incorrect and inadequate. The adverse action notice that Citicorp mailed to the Plaintiff was confusing and failed to lawfully inform the Plaintiff of the accurate and complete basis or statement of reasons for the Citicorp adverse action.  Plaintiff alleges that the real reason Plaintiff's credit application was denied was one other than the fact that the Plaintiff generally owed debts to other creditors.

9.      Plaintiff believes that Citicorp has provided the same inaccurate and insufficient adverse action notice to numerous consumers.

10.      Upon information and belief, Citicorp has no procedures in place to avoid the

2

violations of the ECOA as alleged in this complaint.

## CLASS ALLEGATIONS

11.     Citicorp failed to provide an adequate statement of reasons for its adverse action to Plaintiff and the class members as required under the ECOA.

12.     This action is brought as a class action on behalf of the following class of individuals:

(a) All persons who made a credit application to Citicorp within the preceding two years;

(b) to whom Citicorp did provide an ECOA adverse action notice with the following as its ECOA statute of reasons: "your credit report indicates a substantial number of debts owed to other creditors".

Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

13.     **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

14.     **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Defendant's uniform conduct and procedures, whether Defendant sent the required notices, and whether Defendant acted willfully in its failure to design and implement procedures to assure compliant delivery and/or contnt of these notices. Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C.

§1691e is a common question.

15.     **Typicality. FED. R. CIV. P. 23(a)(3)).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

16.     **Adequacy.** Plaintiff is an adequate representative of the Class because her interests coincide with, and are not antagonistic to, the interests of the members of the Class she seeks to represent, she has retained counsel competent and experienced in such litigation, and she intends to prosecute this action vigorously. FED. R. CIV. P. 23(a4). Plaintiff and her Counsel will fairly and adequately protect the interests of members of the Class.

17.     **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

18.     **Injunctive Relief Appropriate for the Class.** Class certification is appropriate

because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. FED. R. CIV. P. 23(b)(2).

## COUNT I – Equal Credit Opportunity Act

19.    Plaintiff reiterates and incorporates the allegations contained in paragraphs 1 through 18 above as if fully set out herein.

20.    The above-alleged actions and omissions of the Defendant violated the ECOA, 15 U.S.C. §1691(d).

21.    The Defendant is liable to the Plaintiff and the putative class for actual damages, punitive damages of $10,000.00 per violation of the ECOA, or if certified, for $500,000.00, plus attorneys' fees and costs pursuant to 15 U.S.C. §1691e.

22.    The Plaintiff and the putative class are entitled to declaratory and injunctive relief requiring the Defendant's compliance with the ECOA.

WHEREFORE, your Plaintiff moves for judgment for herself and on behalf of the defined class against the Defendant for actual, statutory and punitive damages, attorneys' fees and costs, injunctive and declaratory relief, and such other specific or general relief the Court does find just and appropriate.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,

DONNA M. HARRAH

By_____
         Of Counsel

5

LEONARD A. BENNETT, VSB#37523
SUSAN M. ROTKIS, VSB#40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
(757) 930-3660
(757) 930-3662 facsimile
lenbennett@clalegal.com